IN THE FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



| | | |
|---|---|---|
| JON SPENGLER<br>317 Clinton Heights Avenue<br>Columbus, Ohio 43202 | : | CASE NO. |
| | : | JUDGE |
| Plaintiff, | : | MAGISTRATE JUDGE |
| v. | : | |
| WORTHINGTON CYLINDERS<br>Agent for Service<br>Worthington Cylinders<br>1085 Dearborn Drive<br>Columbus, Ohio 43985 | : | |
| Defendant. | : | |

## COMPLAINT
### (with Jury Demand)

NOW COMES Plaintiff Jon Spengler and proffers this Complaint for damages against Defendant Worthington Cylinders.

### THE PARTIES

1. Plaintiff is a natural person residing in the State of Ohio.

2. Defendant is an Ohio corporation with facilities in Franklin County, Ohio.

### JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. This Court also has jurisdiction over the state law claims herein pursuant to supplemental jurisdiction as defined in 28 U.S.C. § 1367. Further,

the state law claims are so related to the claims set forth under the ADEA that they form part of the same case and controversy.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a production facility in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Defendant employed plaintiff, a fifty-four year old male, for approximately one year in Defendant's pressroom until his termination on February 8, 2005.

6. Plaintiff was hired as a seasonal employee working full-time hours on or about January 5, 2005. Typically, Defendant promotes its better part-time employees to full time. A supervisor submitting an employee's name as a recommendation and an interview with management initiates this process.

7. Plaintiff's name was recommended for full time status as of November 2004.

8. The first set of full time promotions occurred in November 2004. Plaintiff was not selected at that time, but was told by his supervisor that he had an excellent chance of promotion in the upcoming set of promotions.

9. Again, Plaintiff was not selected for promotion in the early January 2005 group or the late January 2005 group.

10. Plaintiff learned, however, that another male from his area, approximately 30 years younger than Plaintiff, was selected for promotion. Compared to Plaintiff, this younger employee's production numbers were much lower, amount of scrap he ran higher, and amount of discarded unusable parts much higher. Plaintiff's production benchmarks, by which Defendant judged the performance of an employee, were significantly better.

11. Plaintiff then contacted the plant manager to determine his chances for full time promotion and was referred to the pressroom supervisor. The pressroom supervisor asked Plaintiff if he would consider transferring to the steel division, as he did not think that Plaintiff had a good chance of promotion and that he would "have trouble keeping up with the younger employees."

12. After that encounter, Plaintiff contacted the plant manager via email regarding the above referenced age comment and met with him on January 16, 2005. At the meeting the plant manager indicated that the supervisor denied making the statement. Plaintiff asked whether his age was a factor in the decision not to promote him in November and January, which the plant manager denied.

13. Several weeks passed and Plaintiff had no interview with the steel division as promised. The pressroom supervisor's demeanor towards Plaintiff noticeably changed and he would avoid eye contact and speaking to Plaintiff.

14. On February 8, 2005, the pressroom supervisor called Plaintiff into his office and terminated him because of undocumented derogatory comments made by co-workers regarding Plaintiff.

15. Through understanding and belief, during the aforementioned November and January promotions, Defendant promoted less qualified younger individuals over Plaintiff.

16. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and has received his right to sue, which is attached.

**COUNT I**
**VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT,**
**29 U.S.C. § 621 et seq.**

3

17. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-16 above as if fully rewritten here.

18. At the time of the adverse employment actions, Plaintiff was a member of a protected class, as he was over forty (40) years of age.

19. Less qualified younger employees were promoted over Plaintiff in November 2004 and January 2005. Upon his termination, Plaintiff was replaced by a person significantly younger and not within the protected class. Plaintiff was terminated as a result of his complaints regarding his age being a factor in the decisions to not promote him.

20. Defendant willfully discriminated against Plaintiff due to his age and his complaints regarding age discrimination.

21. Plaintiff has stated a claim for age discrimination under the Age Discrimination In Employment Act, 29 U.S.C. § 621 et seq.

## COUNT II
## VIOLATION OF O.R.C. § 4112.02

22. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-21 above as if fully rewritten here.

23. Plaintiff has stated a claim for violation of O.R.C. § 4112.02.

WHEREFORE, Plaintiff demands,

monetary damages including back pay and benefits, compensatory damages and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $250,000.00.

## JURY DEMAND

Plaintiff demands that a jury decide the above claims.

Respectfully Submitted,

Nicholas E. Kennedy (0070310)
Trial Attorney for Plaintiff
KENNEDY REEVE & KNOLL
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

5

EOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Jon Spengler
317 Clinton Heights Avenue
Columbus, OH 43202

From: Cleveland District Office
1660 West Second Street
Suite 850
Cleveland, OH 44113

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 220-2005-01174 | Legal Unit<br>Duty Officer | (216) 522-7445 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*James R. Neely Jr/BK*
James R. Neely, Jr.
District Director (Acting)

SEP 0 8 2005
(Date Mailed)

Enclosure(s)

cc: Timothy J. Doney
Corporate Counsel
WORTHINGTON CYLINDERS
200 Old Wilson Bridge Road
Columbus, OH 43085