IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JON SPENGLER, | : | |
| Plaintiff, | : | Case No. C2-05-977 |
| v. | : | JUDGE ALGENON MARBLEY |
| Worthington Cylinders, | : | Magistrate Judge Kemp |
| Defendant. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Defendant, Worthington Cylinders' ("WC") Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth herein, Defendant's Motion is **GRANTED**.

**II. STATEMENT OF FACTS[1]**

**A. Background**

Plaintiff, Jon Spengler ("Plaintiff") is a fifty-four year old male residing in Ohio. Complaint ¶¶ 1, 5. Defendant WC ("Defendant") is a company Ohio corporation with a production facility in Franklin County, Ohio, where the following events took place. *Id*. ¶ 4.

On or about January 5, 2005, Defendant hired Plaintiff as a seasonal employee working full-time hours. Complaint ¶ 6. Plaintiff alleges that Defendant "typically promotes its better part-time employees to full time," and notes that this promotion process is initiated when a supervisor submits an employee's name and recommends him/her for an interview with management. *Id*. ¶ 7.

---

[1]The Statement of Facts is taken, in relevant part, from Plaintiff's Complaint.

In November 2004, Defendant made its first set of full time promotions. Complaint ¶ 8. Though Plaintiff's name had been recommended for full time status at that time, Defendant did not promote him. *Id*. ¶ 7. Plaintiff asserts that his supervisor told him that he had an "excellent chance of promotion in the upcoming set of promotions." *Id*. ¶ 8. In January 2005, however, Plaintiff was, once again, not promoted. *Id*. ¶ 9.

Plaintiff alleges that shortly after he had been passed over, he learned that "another male from his area, approximately 30 years younger than him," was promoted, despite the fact that Plaintiff's job performance record was "significantly better." Complaint ¶ 10. Plaintiff then contacted the plant manager to determine "his chances for full time promotion," and the plant manager referred him to the pressroom supervisor. *Id*. ¶ 11. Plaintiff asserts that during his meeting with the pressroom supervisor, the supervisor told Plaintiff that his chances of promotion were slim because he would "have trouble keeping up with the younger employees." *Id*. The supervisor then allegedly asked Plaintiff if he would consider transferring to the steel division. *Id*.

Shortly after his meeting with the supervisor, Plaintiff contacted the plant manager via e-mail to complain about the supervisor's alleged age comment, and the two met on January 16, 2005 to discuss Plaintiff's complaint. Complaint ¶ 12. During their meeting, the plant manager indicated that the supervisor "denied making the statement." *Id*. When Plaintiff asked whether his age had been a factor in Defendant's decision not to promote him, the plant manager replied in the negative. *Id*.

Several weeks later, Plaintiff had still not had an interview with the steel division, and according to Plaintiff, his supervisor treated him differently, avoiding eye contact and not speaking. *Id*. ¶ 13. On February 8, 2005, Plaintiff was terminated. *Id*. His supervisor based the

termination on alleged "undocumented derogatory comments made by co-workers regarding Plaintiff." *Id*. ¶ 14.

### B. Procedural History

Plaintiff then filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter. Complaint ¶ 16. Subsequently, on October 26, 2005, Plaintiff filed a complaint in federal court. *Id*. Count I of Plaintiff's complaint (the "Complaint") alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. *Id*. ¶¶ 17-21. Count II alleges age discrimination in violation of Ohio Revised Code § 4112.02. *Id*. ¶¶ 22-23.

On December 13, 2005, Defendant filed a Motion to Dismiss Count II of the Complaint. Plaintiff chose not to file a Motion in Opposition. Hence, the Court will consider the merits of Defendant's motion without the benefit of Plaintiff's response. The matter is now ripe for the Court's review.

### III. STANDARD OF REVIEW

In considering a Rule 12(b)(6) Motion to Dismiss, a court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action. *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983). All factual allegations made by a plaintiff are deemed admitted and ambiguous allegations must be construed in his favor. *See id*. A complaint should not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that [a p]laintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the complaint need not specify every detail of a plaintiff's claim, it must give a defendant "'fair notice of what the

plaintiff's claim is and the grounds upon which it rests.'" *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (quoting *Conley*, 355 U.S. at 47). Nonetheless, this liberal standard of review requires more than the bare assertion of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted).

## IV. ANALYSIS

### A. Election of Remedies

The Ohio Revised Code provides four independent avenues through which an employee can pursue a claim of age discrimination. The four statutory provisions, all of which are found in Ohio Revised Code Chapter 4112, are as follows: (1) § 4112.02(N), which creates a civil action for violations of subsections (A) and (B) of that section[2]; (2) § 4112.05, which provides for an administrative remedy, permitting the employee to bring a complaint before the Ohio Civil

---

[2]Ohio Rev. Code § 4112.02 states in relevant part:

It shall be an unlawful discriminatory practice:

(A) For any employer, because of the race, color, religion, sex, national origin, disability, *age*, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment. . . .

(N) An aggrieved individual may enforce the individual's rights relative to discrimination on the basis of age as provided for in this section by instituting a civil action, within one hundred eighty days after the alleged unlawful discriminatory practice occurred, in any court with jurisdiction for any legal or equitable relief that will effectuate the individual's rights.

OHIO REV. CODE § 4112.02(A), (N) (2006) (emphasis added).

-4-

Rights Commission ("OCRC")³; (3) § 4112.14(B), which permits a civil action for a violation of subsection (A) of that section⁴; and (4) § 4112.99, which permits a civil action for a violation of any provision of Chapter 4112.⁵ In several provisions, Chapter 4112 makes each of the first three remedies expressly exclusive. *See, e.g.,* OHIO REV. CODE §§ 4112.08, 4112.12, 4112.14.⁶

---

³Ohio Rev. Code § 4112.05(B)(1) states in relevant part:

> Any person may file a charge with the [OCRC] alleging that another person has engaged or is engaging in an unlawful discriminatory practice. In the case of a charge alleging an unlawful discriminatory practice described in division (A), (B), ©, (D), (E), (F), (G), (I), or (J) of section 4112.02 or in section 4112.021 or 4112.022 of the Revised Code, the charge shall be in writing and under oath and shall be filed with the commission within six months after the alleged unlawful discriminatory practice was committed.

OHIO REV. CODE § 4112.05(B)(1).

⁴Ohio Rev. Code § 4112.14 states in relevant part:

> (A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.
>
> (B) Any person aged forty or older who is discriminated against in any job opening or discharged without just cause by an employer in violation of division (A) of this section may institute a civil action against the employer in a court of competent jurisdiction.

OHIO REV. CODE § 4112.14(A), (B).

⁵Ohio Rev. Code § 4112.99 states, "[w]hoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." OHIO REV. CODE § 4112.99.

⁶Section § 4112.08 of the Ohio Revised Code states, "any person filing a charge under division (B)(1) of section 4112.05 of the Revised Code, with respect to the unlawful discriminatory practices complained of, is barred from instituting a civil action under section 4112.14 or division (N) of section 4112.02 of the Revised Code." OHIO REV. CODE § 4112.08. Similarly, § 4112.12 states, "[a] person who files a civil action under this division is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised Code and from filing a charge with the commission under section 4112.05 of the Revised Code." *Id*. § 4112.02(N). Finally, § 4112.14(B) states, "any person instituting a civil

The fourth statutory remedy, § 4112.99, is neither expressly exclusive, nor expressly subject to an election of remedies bar. *See Talbott v. Anthem Blue Cross & Blue Shield*, 147 F. Supp. 2d 860, 861-62 (S.D. Ohio 2001).

Various courts to consider the above statutory authority have carved exceptions to the ADEA elections of remedy doctrine. *See, e.g., Talbott*, 147 F. Supp. 2d at 861-62. These courts have concluded that an individual can still file an OCRC charge to meet federal law prerequisites and file a state law claim by either: (1) expressly indicating in the charge complaint that he/she is filing for procedural purposes only; (2) filing for procedural purposes only; (3) filing a charge with the OCRC after filing the lawsuit; or (4) filing the charge and lawsuit contemporaneously. *Id*. at 862, n.3; *see also, Woods v. Vermilion Local Sch. Dist.*, 1999 WL 652019, *4 (N.D. Ohio Aug. 9, 1999).[7]

In this case, Count II of the Complaint alleges employment discrimination on the basis of age in violation of Ohio Revised Code § 4112.02. *See* Complaint ¶¶ 22-23. Defendant argues that, pursuant to the "election of remedies" doctrine, Plaintiff is precluded from seeking a remedy under § 4112.02(N) because he pursued the administrative remedy set forth in § 4112.05 when he elected to file a charge of discrimination with the EEOC. *See* Def.'s Motion at 3. Central to Defendant's argument is whether a plaintiff's act of filing a charge with the EEOC is equivalent to electing an administrative remedy under § 4112.05. If so, Defendant's assertion

---

action under this section is, with respect to the practices complained of, thereby barred from instituting a civil action under division (N) of section 4112.02 of the Revised Code or from filing a charge with the [OCRC] under section 4112.04 of the Revised Code." *Id*. § 4112.14(B).

[7]Based on Plaintiff's Complaint and Defendant's Motion to Dismiss Count II, Plaintiff does *not* fall under one of these exceptions.

-6-

that Plaintiff's pursuit of administrative relief precludes him from also getting relief from bringing a civil action under § 4112.02(N).

The interpretation of the Ohio General Assembly's intent in drafting an election of remedies into Chapter 4112 of the Ohio Revised Code is a matter of state law. The Ohio Supreme Court has not spoken directly to the issue of whether an EEOC filing equates with the election of an administrative remedy under § 4112.05, but it has expressed an unwillingness to interpret Chapter 4112's election of remedy scheme to preclude an individual from pursuing both a federal and state law claim for age discrimination. *See Morris v. Kaiser Engineers, Inc.*, 471 N.E.2d 471, 474 (Ohio 1984) (holding that a plaintiff who had previously filed a claim of age discrimination under § 4101.17 (§ 4112.14, prior to recodification) was not barred from later filing a charge with the OCRC under § 4112.05 in order to meet the prerequisites for filing a federal age discrimination claim).

Further, after *Morris*, the Sixth Circuit issued several opinions echoing the need to "avoid an interpretation of the Ohio Revised Code that would 'prevent Ohio plaintiffs from joining claims under the ADEA with either of the judicial remedies provided by the Revised Code.'" *See, e.g., Lafferty v. Coopers & Lybrand,* 1988 WL 19182 (6th Cir. Mar. 8, 1988); *McLaughlin v. Excel Wire & Cable, Inc.*, 1986 WL 16659 (6th Cir. Mar. 24, 1986).

In *Lafferty*, the Sixth Circuit reversed the district court's dismissal of plaintiff's state age discrimination claims, and found that a plaintiff's decision to file a charge with the EEOC is not, by extension, akin to filing a charge with the OCRC, foreclosing the right to a civil remedy. *See* 1988 WL 19182, at *4. The *Lafferty* court explained that § 4112.05 "refers to [OCRC], and not the EEOC," so that a charge filed with the EEOC under the requirements of the ADEA would be

processed by the EEOC, and merely *referred* to the OCRC. *Id*. (emphasis added). Further, the court reasoned that,

> [t]here is no indication that Ohio intended to bar a plaintiff who went to the EEOC, seeking no remedy from the [OCRC], from pursuing a claim under section 4101.17 [(§ 4112.14, prior to recodification)] where filing with the EEOC is required for the filing of a federal claim. Defendant's interpretation would effectively mean that Ohio barred federal court pendent jurisdiction of claims under section 4101.17. Whether Ohio could do this if it wished or not, we do not believe it is the result envisioned by the Ohio legislature. The reasoning of *Morris*, *supra*, strongly supports this interpretation.

*Id*.

Similarly, in *McLaughlin*, the Sixth Circuit noted that:

> Filing a charge with the [EEOC] simply cannot be equated with instituting an action with the OCRC. Next, we find no support for the district court's holding in the Ohio statutes. Section 4112.05 and 4112.08 of the Ohio Revised Code clearly preclude the judicial remedies under state law only if a charge, in writing and under oath, is filed with the OCRC within six months of an alleged discriminatory practice. Finally, since a filing with the [EEOC] is a prerequisite to bringing a subsequent suit under the ADEA, adoption of the district court's holding would foreclose ever bringing an action alleging age discrimination violative of both the ADEA and Ohio law in federal court. Such a result would run contrary to the interrelated and complementary nature of federal and state employment discrimination procedures.

*See* 1986 WL 16659, at *3-4.

Despite the holdings in *Lafferty* and *McLaughlin*, several recent decisions by district courts within the Sixth Circuit have held that the mere filing of a charge with the EEOC qualifies as an election of remedy pursuant to § 4112.05, precluding the plaintiff from seeking a judicial remedy under state law. *See Williams v. Allstate Ins. Co.*, 2005 WL 1126761, at *2-4 (N.D. Ohio Apr. 19, 2005) (holding that a plaintiff who has filed a charge with the EEOC is foreclosed from pursuing a state civil action under § 4112.02 because filing a charge with the EEOC is equivalent to the election of an administrative remedy under § 4112.05); *see Gray v. Allstate Ins. Co.*, 2005 WL 2372845, *5-6 (S.D. Ohio Sept. 26, 2005) (adopting the reasoning in *Williams v.*

*Allstate Ins. Co.*). However, the district courts are *not* all in agreement on the matter. *See, e.g., Reminder v. Roadway Express, Inc.*, 2006 WL 51129 (N.D. Ohio Jan. 10, 2006) (disagreeing with *Williams v. Allstate*, and *Gray v. Allstate*, and holding that the mere filing of an age discrimination charge with the EEOC is not equivalent to the election of an administrative remedy under § 4112.05). Thus, in deciding how to proceed in the instant case, the Court must choose a side in this district court split.

In *Williams v. Allstate Ins. Co.*, the court, finding that the EEOC charge filed by plaintiff was contemporaneously filed with the OCRC, triggering Ohio's election of remedies doctrine, dismissed plaintiff's state law age discrimination claim. 2005 WL 1126761, at *2. In electing a dismissal of plaintiff's state law claim, the Court considered previous state and federal court decisions, the language of Ohio Administrative Code § 4112-3-01(D)(3)[8], and the intent of the Ohio legislature in enacting sections 4112.05 and 4112.08 of the Ohio Revised Code. *See id*. The court reasoned,

> [t]his Court cannot ignore the plain intent of the Ohio legislature in its enactment of its age discrimination statutes and substitute its judgment . . . for the policy decisions of the legislature. Although the Court . . . recognizes that "simply because Ohio's age discrimination law has the effect of requiring a litigant to choose between his or her state

---

[8]O.A.C. § 4112-3-01(D)(3) states, "[a] charge filed with either the [EEOC] . . . which lists the [OCRC] as the deferral/referral agency, or which is received by the [OCRC] for investigation, is deemed filed with the [OCRC] on the date the charge is received at one of the commission's offices." *See* OHIO ADMIN. CODE § 4112-3-01(D)(3) ("Time of Filing"). The *Williams* court adopted the reasoning of various other courts that relied on the above language in concluding that "a state law discrimination lawsuit is barred under the election of remedies doctrine when a charge of discrimination is filed directly with the EEOC." *Williams*, 2005 WL 1126761, at *2 (citing *Williams v. Rayle Coal Co.*, 1997 WL 598091, at *3 (Ohio App. Sept. 19, 1997); *Schwartz v. Camcorp, Inc.*, 633 N.E.2d 551, 557 (Ohio App. 1993); *Fowler v. Hudson Foods*, 708 N.E.2d 792, 795 (Ohio Ct. Com. Pl. 1998)). The *Williams* court also noted that in both *Lafferty* and *McLaughlin*, the Sixth Circuit did not consider the impact of O.A.C. § 4112-3-01 in its analysis. *Id*.

> and federal remedies does not invalidate that law or require the Court to construe the terms of that law inconsistently with its plain meaning." Moreover, it is apparent from [recent] case law . . . that the consequences of adopting this broad view of the election of remedies doctrine are not so dire. . . [V]arious courts have carved exceptions into the election of remedy doctrine, concluding an individual can still file an OCRC charge to meet federal law prerequisites and file a state law claim by either expressly indicating in the charge complaint that he/she is filing for procedural purposes only, by filing a charge with the OCRC after filing the lawsuit, or by filing the charge and lawsuit contemporaneously. . . Thus . . .Ohio law presently allows for a few narrow exceptions for a plaintiff to file both state and federal discrimination claims, though it admittedly assumes a sophistication of, and deep familiarity with the law by the general public that is rather unrealistic. . . the Court cannot, in good faith, ignore the law and regulations established by Ohio's legislature.

*See id*. at *4 (internal citations omitted).

In contrast, in *Reminder v. Roadway Express, Inc.*, the court found that *Williams*' reasoning was not persuasive enough to "overcome the strong policy consideration that the Supreme Court of Ohio has expressed against interpreting Ohio Rev. Code Chapter 4112 in such a way as to prevent plaintiffs from asserting pendent claims for age discrimination under both federal and state law." *See* 2006 WL 51129, at *7 (citing *Morris,* 471 N.E.2d at 474 (noting the need to avoid an interpretation of the Ohio Revised Code that would "prevent Ohio plaintiffs from joining claim under the ADEA with either of the judicial remedies provided by the Revised Code")). The *Reminder* court also found that the *Williams* court's reliance on O.A.C. § 4112-3-01(D)(3) was misplaced. *See id*. at *8. The court noted,

> . . . Ohio Administrative Code § 4112-3-01(D)(3) appears under the heading "Time of Filing." It merely provides a guideline for determining the date upon which a charge is "deemed filed" with the [OCRC] for the purpose of determining whether the filing is timely. In doing so, Ohio Administrative Code § 4112-3-01(D)(3) simply reiterates Ohio's status as a deferral state under the ADEA, recognizing that any charge filed with the EEOC will subsequently be filed with the [OCRC]. It states nothing about the effect of such a filing on a plaintiff's own election of a remedy under Chapter 4112.
> The Court thus finds that it cannot equate the mere filing of an age discrimination charge with the EEOC with the election of an administrative remedy under § 4112.05.

*Id*. (citing OHIO ADMIN. CODE § 4112-3-01(D)(3)).[9]

Because this Court wholly agrees with Judge Gwin's persuasive reasoning in *Reminder*, and finds that *Morris*, *Lafferty*, *McLaughlin*, in connection with the plain language of Chapter 4112 of the Ohio Revised Code point against a finding that a plaintiff's decision to file with the EEOC amounts to an election to pursue a state administrative remedy under § 4112.05. Though there are exceptions to the election of remedies doctrine, which would enable a plaintiff to file both state and federal discrimination claims, this Court is not persuaded that the Ohio legislature envisioned a general public that was aware of this subtle nuance which might save their claims. Further, this Court agrees with the *Reminder* court's conclusion that the *Williams* court adopted too broad a reading of O.A.C. § 4112-3-01(D)(3). *See* 2006 WL 51129, at *8; *see supra* note 8. Therefore, this Court finds that Plaintiff's filing of his charge with the EEOC does not amount to an election to pursue his administrative remedy under Ohio Rev. Code § 4112.05, and the doctrine of election of remedies does *not* preclude him from maintaining his civil action under § 4112.02 of the Ohio Revised Code.

### B. Statute of Limitations

Regardless of whether filing a charge with the EEOC is equivalent to filing a charge with the OCRC, this Court must dismiss Plaintiff's Complaint for failing to file its state law claims

---

[9]The *Reminder* court also went on to find that even if it adopted *Williams*' reasoning equating the filing of a charge with the EEOC with the election of an Ohio administrative remedy, plaintiff's claim would not be dismissed because it would fall within the exception existing for plaintiffs who file an administrative charge solelye for the purpose of preserving their ADEA claims. *See* 2006 WL 51129, at *7. The court explained that plaintiffs had attached a letter to their EEOC filings that stated that "they did not intend to commence an administrative action within the Ohio Civil Rights Commission, but were merely attempting to preserve their ability to later pursue a claim under the ADEA." *Id*. at *9.

within the applicable statute of limitations.

An individual bringing an age discrimination claim under § 4112.02, must institute a civil action in any court of competent jurisdiction "within one hundred eighty days after the alleged unlawful discriminatory practice occurred." *See* OHIO REV. CODE § 4112.02. Plaintiff alleges that he was terminated due to his age on February 8, 2005. Complaint ¶¶ 14, 20. Plaintiff did not file his Complaint until October 26, 2005, *two hundred and sixty days* after the allegedly discriminatory termination took place. Accordingly, because Plaintiff filed Count II of his Complaint well outside the applicable statute of limitations, it must be dismissed.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Count II of Plaintiff's Complaint for failure to file within the applicable statute of limitations period. Count II is dismissed with prejudice.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED: June 16, 2006**