**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JON SPENGLER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 05-977 |
| : | JUDGE ALGENON L. MARBLEY |
| : | Magistrate Judge Terence P. Kemp |
| WORTHINGTON CYLINDERS, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Worthington Cylinders' ("WC's") motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) and Plaintiff Jon Spengler's motion for attorneys' fees and costs. For the reasons described below, the Court **DENIES** WC's motion and **GRANTS** Spengler's motion.

### II. FACTS AND PROCEDURAL HISTORY

Spengler was a seasonal employee at WC, who filed suit under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, alleging that he was discharged for complaining about possible age discrimination. On September 24, 2007, the Court denied WC's summary-judgment motion. The matter proceeded to trial and on December 20, 2007, the jury returned a verdict in Spengler's favor. The jury awarded him lost wages in the amount of $21,944, and liquidated damages of the same amount.

### III.  ANALYSIS

#### A.  WC's Rule 50(b) Motion

WC asks the Court to grant him judgment as a matter of law.  This requires WC to "overcome the substantial deference owed a jury verdict." *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 614 (6th Cir. 2007).  A Rule 50(b) motion "may be granted only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001).  In deciding a Rule 50(b) motion, the Court is prohibited from re-weighing the evidence or questioning the credibility of the witnesses. *Radvansky*, 496 F.3d at 614; *Parker v. Gen. Extrusions, Inc.*, 491 F.3d 596, 602 (6th Cir. 2007).

The Court denies WC's motion.  Many of WC's arguments amount to no more than a rehashing of its summary-judgment arguments, which the Court previously concluded lacked merit.  The Court sees no reason to revisit that decision.  Moreover, to the extent WC relies on its purported twelve-month policy (whereby seasonal employees were automatically terminated after twelve months of employment if they were not promoted to RFT status) to impugn the jury's verdict, such reliance is unavailing.  As Spengler points out, the jury easily could have disbelieved that the twelve-month policy even existed.  WC did not provide any written evidence of the policy (such as an employee manual), no employee testified that any management figure ever discussed the policy, and there was testimony that even if the policy existed, it was applied only during work slow-downs, which did not occur during Spengler's time at WC.

Accordingly, the Court declines to overturn the jury's verdict.

### B.  Spengler's Attorneys' Fees Motion

The ADEA authorizes prevailing parties to recover their attorneys' fees and costs of litigation.  29 U.S.C. § 626(b).  Here, Spengler asks the Court to award him $78,285.00 in fees, and $2,576.40 in expenses, for a total of $80,861.40.

After considering the history of this litigation and the successful outcome Spengler's counsel obtained, and after reviewing counsel's affidavits and billing records, the Court concludes that the fee request is reasonable and should be granted.

Attorneys' fees in ADEA cases are calculated according to the "lodestar" method.  *See Imwalle v. Reliance Medical Prods. Inc.*, 515 F.3d 531, 551-56 (6th Cir. 2008).  The Court thus multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Hensley*, 461 U.S. 424, 433 (1983).  The affidavits submitted by Spengler's counsel show that they charge the following hourly rates:  $250 for attorney Nicholas Kennedy (but $200 prior to July 1, 2006); $250 for attorney Gary Reeve; $150 for attorney Jennifer Hanlin; and $75 for paralegal Candace Horton.

WC does not challenge the reasonableness of these hourly rates.  In addition, the Court finds that Spengler's counsel has well-documented experience in employment-law litigation and showed excellent skill and judgment in prosecuting this matter.  The Court therefore concludes that counsel's billing rates are entirely reasonable.

Next, Spengler's counsel claims that they expended 334.9 hours litigating this case. After reviewing counsel's billing records, the Court does not find any of these hours to be redundant or excessive.  This matter was pending for more than three years, during which time it

went through every stage of litigation, including extensive discovery, lengthy summary-judgment briefing, settlement negotiations, and finally a contentious jury trial.

Accordingly, the Court finds that counsel's number of billable hours and counsel's hourly rates are reasonable, and therefore grants Spengler's motion for fees in the amount of $78,285.

WC argues that the fee award should be reduced because Spengler prevailed only on his retaliation claim, not his discrimination claims. The Court disagrees. Spengler's discrimination and retaliation claims were inextricably related, depending on the same operative facts and overlapping legal theories. Where that is true, the Sixth Circuit has instructed that the fee award should not be reduced by throwing out the hours counsel expended on the losing claims. In *Imwalle*, the Sixth Circuit acknowledged that "discrimination and retaliation claims are related for the purpose of awarding attorney fees." 515 F.3d at 555. There, the jury found in favor of the plaintiff on his retaliation claims, but found against him on his discrimination claims. The Sixth Circuit declined to reduce the fee award on the basis of the rejected claims. The Court cited the Supreme Court's decision in *Hensley*:

> [m]any civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Imwalle*, 515 F.3d at 555 (quoting *Hensley*, 461 U.S. at 435). On the basis of *Hensley* and *Imwalle*, the Court declines to reduce Spengler's attorney fees award.

Finally, the ADEA also authorizes the payment of the prevailing party's costs. The Court finds that Spengler's request for $2,576.40 in costs is reasonable in light of the nature of this lawsuit.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** WC's Rule 50(b) motion and **GRANTS** Spengler's motion for attorneys' fees and costs in the total amount of $80,861.40

**IT IS SO ORDERED.**

                                              s/Algenon L. Marbley
                                              **ALGENON L. MARBLEY**
                                              **United States District Court Judge**

**DATE: September 18, 2008**